Terry M. JENKINS, Plaintiff–
Appellant,

v.

State of TENNESSEE, Defendant–
Appellee.

No. 00–5765.

United States Court of Appeals,
Sixth Circuit.

Aug. 8, 2001.

Before MOORE and COLE, Circuit Judges; FORESTER, District Judge.*

### ORDER

Terry M. Jenkins, proceeding pro se, appeals a district court judgment dismissing his complaint which was construed as filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Jenkins filed a complaint against the State of Tennessee on March 27, 2000, along with a motion for pauper status. Jenkins asserted that: 1) he received "unknown electronic harassment" and "disparage treatment [sic] . . . by unknown sexually active female relatives . . . controlled by the State of Tennessee"; 2) he was unlawfully detained by sexually active female relatives from March 16, 1999, until June 30, 1999, at the Shelby County Detention Center; and 3) prison officials denied him a single cell, a bathtub, adequate food, isolation from ho-mosexuals, and love from female jailers. The district court granted Jenkins's motion for pauper status, dismissed the complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), and certified that an appeal would not be in good faith. This court likewise denied him pauper status on appeal, and he subsequently paid the filing fee.

Jenkins's brief on appeal is liberally construed as presenting the same claims raised in his complaint.

Upon de novo review, we conclude that the district court properly dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915(e). See McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir.1997). A complaint may be dismissed as frivolous if the claims lack an arguable or rational basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Claims that lack an arguable or rational basis in how include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist. Id. at 327–28.

The sole defendant in this case, the State of Tennessee, has immunity under the Eleventh Amendment from federal lawsuits. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100–01, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Eleventh Amendment immunity constitutes a jurisdictional bar, and unless Eleventh Amendment immunity is expressly waived, a state and its agencies may not be sued for damages and injunctive relief in federal court. Id. at 100. Tennessee has not waived immunity in this action and thus is not subject to suit.

* The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.